R. Shawn Oller, Esq.
soller@littler.com
Melissa L. Shingles, Esq.
mshingles@littler.com
**LITTLER MENDELSON, P.C.**
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
602.474.3600
Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| REYNA KAPLAN and JEFFREY KAPLAN,<br>                              Plaintiffs,<br>vs.<br><br>PHC-LAS CRUCES dba MEMORIAL MEDICAL CENTER,<br>                              Defendant | **Electronically Filed** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Las Cruces Physician Practices, LLC ("Defendant")[1] hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Mexico, from the First Judicial District Court of the State of New Mexico, Santa Fe County, where the action is now pending. As detailed below, this case is subject to removal based upon diversity jurisdiction.

## STATE COURT ACTION

1.      Plaintiffs Reyna and Jeffrey Kaplan ("Plaintiffs") commenced this action on July 6, 2022, by filing a Complaint in the First Judicial District Court of the State of New Mexico, Santa Fe County, captioned *Reyna Kaplan and Jeffrey Kaplan v. PHC-Las Cruces dba Memorial*

---

[1] The named-defendant "PHC-LAS CRUCES dba MEMORIAL MEDICAL CENTER" does not and has never employed Plaintiff. Plaintiff's employer was Las Cruces Physician Practices, LLC. *See* **Exhibit B**, ¶¶ 8-9.

*Medical Center*, bearing Docket No. D-101-CV-2022-01182 (the "State Court Action"). The State Court Action is now pending in that court.

2. Defendant was served with a copy of Plaintiffs' Complaint on August 1, 2022, 2022. Attached as **Exhibit A** is a copy of the Summons and Complaint served on Defendant.

3. The aforementioned documents constitute all "process, pleadings and orders" served upon Defendant in the State Court Action pursuant to 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

4. Defendant filed the instant Notice of Removal within thirty (30) days of Plaintiffs' Service of their Complaint, as is required by 28 U.S.C. § 1446(b).

5. This Notice of Removal is also filed within one year of the commencement of the State Court Action and therefore is timely under 28 U.S.C. § 1446(c)(l).

## DIVERSITY JURISDICTION

15. This Court has subject matter jurisdiction based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when the dispute is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* As explained below, both requirements are met.

## CITIZENSHIP OF THE PARTIES

16. Plaintiffs are individuals, and in their Complaint, they allege that they are residents of Arizona. *See* **Exhibit A, ¶ 1**.

17. Defendant Las Cruces Physician Practices, LLC is a limited liability company, and as such it considered a citizen of every state of which its members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990).

18. At all relevant times, the sole member and one-hundred percent owner of Defendant

2

is Province Healthcare Company, LLC. The sole member and one-hundred percent owner of Province Healthcare Company LLC is Legacy LifePoint Health, LLC. The sole member and one-hundred percent owner of, Legacy LifePoint Health, LLC is LifePoint Health, Inc. *See* Declaration of Lawrence**, Exhibit B ¶¶ 3-6.** LifePoint Health, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Tennessee, where its corporate headquarters is located from which it directs its operations, maintains senior management, and the majority of its administrative and managerial activities are located. *See **id**.* **at ¶ 7**. Accordingly, LifePoint Health, Inc. is a citizen of Delaware and Tennessee. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010) (describing the "nerve center" test and "principal place of business").

19. As, through the chain of LLC membership, each LLC is a citizen of Delaware and Tennessee, Defendant is also a citizen of Delaware and Tennessee.

20. Complete diversity exists now and at the time the Complaint was filed because Plaintiffs and Defendant are citizens of different states.

## AMOUNT IN CONTROVERSY

21. The matter in controversy in the State Court Action exceeds the sum or value of $75,000, as is required by 28 U.S.C. § 1332(a).[2]

22. In their Complaint, Plaintiffs allege that Reyna was constructively terminated on or about December 23, 2021, and alleges negligent and intentional infliction of emotional distress. *See* **Exhibit A ¶¶ 45, 47**. Plaintiff seeks lost income, benefits, unspecified compensatory damages, emotional distress and/or pain and suffering, punitive damages, and costs. *See id* at p. 10.

23. At the time of her constructive termination Reyna Kaplan was a full-time employee

---

[2] Defendant does not concede Plaintiff's allegations are true or that his claims have any merit. Defendant provides the following only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole exceeds the $75,000 jurisdictional requirement.

earning $28.85/hour making her total alleged lost earnings to date approximately $38,000.00. She also received health care and other benefits through her employment that have value. *See* **Exhibit B ¶ 10**. Plaintiff also seeks punitive damages which, if available, "may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir.2003). Punitive damages are available as a remedy for intentional infliction of emotional distress. *See Coates v. Wal-Mart Stores, Inc.*, 127 N.M. 47, 57 (1999).

24. Plaintiff communicated an initial demand of $295,000.00 to settle the case. *See* Declaration of Oller, **Exhibit C at 2.** Plaintiff specifically stated they suffered approximately $120,000.00 in actual compensatory expenses in addition to lost wages and benefits, and emotion distress. *See id.* **at 3**. Plaintiff stated their belief that reasonable settlement is between $295,000.00 and "six-figures." *See id.* **at 4**. Settlement demands are relevant to determining the amount in controversy. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428–30 (7th Cir. 1997); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994).

25. Based on the $38,082.00 in back pay, Plaintiff's allegation of $120,000.00 in compensatory, and the possibility of punitive damages, it is plausible that the amount in controversy in the State Court Action exceeds $75,000.00. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## VENUE

26. Venue is proper in the United States District Court for the District of New Mexico as this case was originally filed in First Judicial District Court of the State of New Mexico, Santa Fe County, which lies within this District. *See* 28 U.S.C. §§ 111, 1446(a).

## NOTICE TO PLAINTIFF

27. Upon filing this Notice of Removal, Defendant gave written notice thereof to Plaintiffs' counsel, Eric Sirotkin, Esq., pursuant to 28 U.S.C. § 1446(a).

28. Defendant also filed a copy of this Notice of Removal with the Clerk of the First Judicial District Court of the State of New Mexico, Santa Fe County, pursuant to 28 U.S.C. § 1446(d).

29. By filing the Notice of Removal, Defendant does not waive any objections to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserve all defenses and motions.

30. If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant with an opportunity to present briefing and argument prior to any possible review.

**WHEREFORE**, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

DATED:  August 26, 2022

Respectfully Submitted,

LITTLER MENDELSON, P.C.

*/s/ R. Shawn Oller*
R. Shawn Oller
soller@littler.com
Melissa L. Shingles
mshingles@littler.com
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
602.474.3600 (Telephone)
602.957.1801 (Facsimile)

ATTORNEYS FOR DEFENDANT

4866-9270-1742.1 / 111208-1015