# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
08/01/2022
CT Log Number 542032593

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Rick Brasher<br>Lifepoint Health, Inc.<br>330 SEVEN SPRINGS WAY<br>BRENTWOOD, TN 37027-5098 |
| **RE:** | Process Served in New Mexico |
| **FOR:** | PHC-Las Cruces, Inc.  (Domestic State: NM) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: REYNA KAPLAN and JEFFREY KAPLAN // To: PHC-Las Cruces, Inc. |
| **CASE #:** | D101CV202201182 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **PROCESS SERVED ON:** | The Corporation Process Company, Hobbs, NM |
| **DATE/METHOD OF SERVICE:** | By Non-Traceable Mail on 08/01/2022 |
| **JURISDICTION SERVED:** | New Mexico |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/02/2022, Expected Purge Date: 08/07/2022<br><br>Image SOP<br><br>Email Notification,  David Fausett  david.fausett@lpnt.net<br><br>Email Notification,  Melissa Todd  melissa.todd@lpnt.net<br><br>Email Notification,  Felicia Johnson  felicia.johnson@lpnt.net<br><br>Email Notification,  Jonessa Milliken  jonessa.milliken@lpnt.net<br><br>Email Notification,  Lynn Hill  lynn.hill@lpnt.net<br><br>Email Notification,  CRAIG NEPRUD  craig.neprud@lpnt.net<br><br>Email Notification,  Rick Brasher  rick.brasher@lpnt.net<br><br>Email Notification,  Maria Giordano  maria.giordano@lpnt.net |
| **REGISTERED AGENT CONTACT:** | The Corporation Process Company<br>726 E. Michigan<br>Suite 330<br>Hobbs, NM 88240<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Lawyer • Mediator • Educator
121 Sandoval Suite 203A
Santa Fe, N.M. 87501



1000



88240



U.S. POSTAGE PAID
FCM LG ENV
SANTA FE, NM
87501
JUL 27, 22
AMOUNT
$1.92
R2304W120578-41

CORPORATION PROCESS COMPANY

AUG 0 1 2022

726 E. MICHIGAN
SUITE 330
HOBBS, NM 88240

Corporation Process Co.
726 E Michigan Ste 330
Hobbs, NM 88240



# Eric Sirotkin
Lawyer • Mediator • Educator

July 26, 2022

PHC- Las Cruces dba Memorial Medical Center
c/o Corporation Process Co.
726 E Michigan Ste 330
Hobbs, NM 88240

Re: Service of Complaint   Reyna Kaplan and Jeffrey Kaplan v PHC- Las Cruces dba Memorial Medical Center

Dear Corporation Process:

Attached is a complaint that we filed against PHC- Las Cruces dba Memorial Medical Center. You are listed as the resident agent. Please acknowledge receipt.

Sincerely,

Eric Sirotkin

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

| SUMMONS ||
|---|---|
| District Court: First Judicial District<br>Santa Fe County, New Mexico<br>Court Address: 225 Montezuma Ave<br>Santa Fe, NM 87501<br>Court Telephone Number: 505-455-8250 | Case Number: D-101-CV-2022-01182<br><br>Judge: Mathew, Francis J |
| Plaintiff(s): REYNA KAPLAN AND JEFFREY KAPLAN<br>v.<br>Defendant(s): PHC-Las Cruces dba MEMORIAL MEIDCAL CENTER | Defendant Name: PHC-Las Cruces dba MEMORIAL MEDICAL CENTER<br>Address: c/o Corporation Process Co.<br>726 E Michigan Ste 330<br>Hobbs, NM 88240 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 25th day of July, 2022.

KATHLEEN VIGIL
CLERK OF COURT

By: _____
Deputy

Attorney for Plaintiff or
Plaintiff pro se

Name: Eric Sirotkin
Address: 121 Sandoval St Suite 203
Telephone No.: 505-930-7223
Fax No.:
Email Address: eric@ericsirotkin.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

### RETURN[1]

STATE OF NEW MEXICO   )
                      )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

(**check one box and fill in appropriate blanks**)

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for

defendant _____ _____ .

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ _____ ___ (*name of person*), _____ _____ ____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____ _____ _

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____ ___, ?

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

### USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
7/6/2022 3:49 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
SANTA FE COUNTY
IN THE FIRST JUDICIAL DISTRICT COURT

REYNA KAPLAN and JEFFREY KAPLAN     D-101-CV-2022-01182

    Plaintiffs                                 Case assigned to Mathew, Francis J.

vs

PHC-Las Cruces dba MEMORIAL MEDICAL CENTER

    Defendant.

## COMPLAINT OF WRONGFUL CONSTRUCTIVE DISCHARGE, PRIMA FACIE TORT and INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

NOW COMES the Plaintiff, REYNA KAPLAN and JEFFREY KAPLAN, by and through their attorney of record, Eric Sirotkin, and hereby states the following for their cause of action:

1. Plaintiffs are residents of the state of Arizona.

2. Defendant PHC-Las Cruces dba MEMORIAL MEDICAL CENTER is a New Mexico Corporation with a registered office in Santa Fe New Mexico and doing business in Dona Ana County New Mexico, and providing services to patients from throughout New Mexico.

3. The cause of action is based upon the tort of wrongful constructive discharge, Intentional or Negligent Infliction of Emotional Distress and Prima Facie tort and this action is predicated on state common law and the venue is proper because of the New Mexico parties.

4. Plaintiffs are husband and wife.

5. Plaintiff Reyna Kaplan (hereinafter "Reyna") worked as an Office Manager for the Memorial Medical Center's Weight Loss clinic from October 2020 until she was forced to resign on December 23, 2021.

6. During her employment Reyna's job performance was very positive.

7. Reyna improved the performance of her department during her tenure.

8. A few months before her leaving employment she was commended to the entire staff that even though she had lost 4 employees in the previous two months and needed to on board a new NP, she had still managed to have all the same providers more productive in 2021 as compared to 2020 and 2019.

9. There were no negative write ups or documents in her employee personnel file at the time she left on Family Medical Leave to assist her husband Jeffrey during an Abdominal Aortic Aneurysm (AAA) medical procedure which required her to care for him for at least 4 weeks.

10. Reyna began to observe abusive treatment of staff and derogatory comments or conduct by a doctor at the Clinic, Dr. Felts. She stood up as a witness for such employees by bringing their concerns forward to management, including conduct that negatively impacted patient care.

11. Reyna brought to her then supervisor Becky Burkhartmeier's attention several times the low employee morale and verbal harassment by Dr. Felts and his dangerous refusal to communicate with staff he did not like and in May 2021 the supervisor and Plaintiff met with Chris Lugo, Senior Director, Physician Services about these concerns.

12. Reyna's supervisor had never counseled her on any negative performance.

13. Her supervisor Becky Burkhartmeier left in the Summer of 2021 in part due to the inaction of the Defendant in addressing these issues.

14. Reyna's new supervisor Oscar Loredo came on in October 2021 and was aware of her husband Jeffrey's pending surgery and serious health condition and knew that Reyna was worried that her husband might not even survive the surgery.

15. On December 2nd While on FMLA, Reyna was contacted by Loredo and asked if she was available to "follow up on some matters" tomorrow which was the day of her husband's surgery.

16. Reyna acquiesced and told him to call her while her husband was in the operating room as she would just be waiting and she assumed he just needed some input into something in her unit, as he was covering for her supervisory duties while she was on leave.

17. Contacting employees about disciplinary action and substantive work matters while an employee is on FMLA violates Defendants practices and procedures.

18. When supervisor Loredo reached Plaintiff he assailed Reyna with serious criticisms including, but not limited to, threatening her with disciplinary action upon her return and making vague accusations about her performance.

19. Reyna promptly reported this action to Laura Pierce in Human Resources who told her it was inappropriate to have had this raised while she was on FMLA.

20. However, Human Resources took no prompt remedial action to address this complaint.

21. Plaintiff Jeffrey Kaplan (hereinafter "Jeffrey") was in recovery when he learned about the threats to his wife. As a result he moved in a way he should not and started urinating blood, had his blood pressure rise to over 200 and encountered a blood clot in his urethra. This resulted in him needing a painful catheter.

22. Jeffrey suffered extreme mental stress and physical pain as a result of the reckless actions of Defendant's agents.

23. Then later the same day Reyna received while on FMLA a bogus "correction action" from Supervisor Loredo, summarizing the call during the surgery, and this "correction" action was copied by Loredo to Director Lugo.

24. This discipline had been approved by Director Lugo.

25. The write up said she was negatively impacting the clinic's performance, damaging the performance of others and harming morale. It said she was failing to resolve issues, had not provided support for team members, was unavailable for questions, had a lack of focus and strategic planning, and a lacked effective communication and follow through.

26. Loredo had only worked with Reyna for a matter of weeks before he raised these allegations.

27. Reyna had earlier before taking FMLA told Loredo and Lugo about her concerns about Dr. Felts and the impact on patient care.

28. After receiving the Corrective action Reyna learned from other employees that Loredo had told others that he was going to fire her, but couldn't because she was on FMLA, but that she would be fired upon her return from FMLA.

29. While Reyna was on FMLA, Supervisor Loredo offered Reyna's job to other employees, saying she was going to be fired upon her return.

30. On December 14th while still on leave she contacted Director Lugo and revealed the information regading her pending termination upon return from FMLA and again raised the assaultive and inappropriate conduct of Dr. Felts and its impact on patient care.

31. Reyna asked Director Lugo to assure her before returning or considering any other positions that she would not be subjected to any such retaliation, that the disciplinary action taken while on FMLA would be removed and that she be given assurances that there will be a full investigation of the FMLA disciplinary action, and the conduct of Dr. Felts toward others in the workplace.

32. She reiterated that she did not want such matters to continue to be swept under the rug and just wanted to know that the company is committed to a positive working environment. Reyna complained on that date that nothing had been done to address the Dr. Felts issues.

33. Reyna expressly sought assurances that she was not facing termination and wanted something to be done regarding Dr. Felts and this request was copied to Laura Pierce in Human Resources.

34. Neither Pierce or Lugo responded to her concerns or took steps to look into her allegations.

35. Reyna texted Lugo the concerns as well but got no reply.

36. Neither the Director or Human Resources addressed her concern and nothing was done to even respond to her until after she resigned.

37. Reyna had earlier spoken to COO Mary Armijo about some of the above complaints and was told there would be a meeting set up with her and Director Lugo to address these issues, but no meeting was ever scheduled. While on FMLA Armijo failed to respond to messages Reyna left for her to call her back on these matters.

38. Earlier in June 2021 a medical assistant resigned and reported Dr. Felts' disrespectful conduct with verbal and non verbal abuse to Human Resources, Management and to the CEO Mr. Harris.

39. The Medical Assistant asked for leadership to look closely at the clinic and Dr. Felts to address the wellbeing of the staff that remains.

40. The Medical Assistant had earlier complained to Human Resources and Management about Dr. Felts ignoring her requests and questions and turning his back and walking away without speaking to her and his demeaning attitude toward others.

41. The conduct of Dr. Felts impacted patient care as questions often related to his patient care and this negative impact was reported.

42. It was reported that Dr. Felts would get in the face of Nurse Practitioners or office managers and get insulting and condescending in a manner in which people felt assaulted.

43. Dr. Felts would shout and scream at others when he would not get his way.

44. Due to the above and the anxiety around being terminated upon her return from FMLA, Reyna suffered from sleeplessness, extreme stress, hives, hysterical crying and panic attacks – all during a time that she was supposed to be caring for her husband post surgery.

45. Reyna, after facing this retaliatory assault on her, and rather than facing a firing and damage to her reputation through a discharge, and watching inaction to complaints of harassment and its impact on patient care, was compelled to resign.

46. According to Human Resources, Dr. Felts was protected by the company because he had the direct ear of the CEO due to his ability to generate revenue for the hospital.

47. In Reyna's termination letter on the 23rd of December she indicated again that she had tried to work out matters with the company but got no response. She reported how Director Lugo had lied when he said that there had not been any other complaints about Dr. Felts.

48. Defendant appears to have hoped to get Plaintiff to ignore the illegal conduct, or force her to resign by, in part, harassing her while on FMLA.

## COUNT I – RETALIATORY OR WRONGFUL CONSTRUCTIVE DISCHARGE

49. Plaintiff incorporates paragraphs 1-45 above as if fully contained herein.
50. New Mexico criminal statutes provide that it is illegal to engage in the use of insulting language toward another impugning his [or her] honor, delicacy or reputation and that such conduct is considered an assault. NMSA 30-3-1.
51. Plaintiff's reporting of assaultive behavior and concerns about negative patient care are something supported by New Mexico public policy pursuant to statute, caselaw and court made public policies.
52. New Mexico public policy is also contained in the New Mexico Criminal code that makes it illegal to retaliate by threatening or intimidating someone who is likely to become a witness to encourage preventing a person from testifying to any fact. NMSA 30-24-3.
53. Plaintiff's reporting of harassing behavior makes her someone likely to become a witness, as she stood up for the employee complaints of mistreatment and patient care. Retaliation against her for speaking up in this regard would violate said public policy.
54. Plaintiff taking Family Medical Leave is also something supported by both state and federal public policies. See 29 U.S.C. § 2615 and New Mexico law prohibits discrimination against people with serious health conditions NMSA

28-1-7(A). Employers are barred from "discharging or in any other way discriminating against" employees for exercising their rights for Family Medical Leave.

55. Plaintiff was retaliated against through the above conduct and constructively fired because of said complaints or actions and it proximately caused emotional stress and other compensatory damages.

56. Said conduct was willful and in reckless disregard of Plaintiff's rights justifying an award of punitive damages.

57. The working conditions, the harassment during FMLA, the failure to address her concerns and her pending firing were so intolerable that a reasonable person would resign.

58. Said resignation was a constructive discharge.

## COUNT II – INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff incorporates paragraphs 1-58 above as if fully contained herein.

60. The above conduct toward the Plaintiffs was extreme and outrageous.

61. The above conduct was intended to harm the Plaintiffs or silence Plaintiff or get her to quit.

62. The above conduct was reckless such that it intended to harm Plaintiff Reyna Kaplan and it was foreseeable that such conduct would cause severe stress to her husband who had just undergone extensive surgery.

63. Said conduct caused serious harm to Plaintiffs.

## COUNT III – PRIMA FACIE TORT

64. Plaintiff incorporates paragraphs 1-63 above as if fully contained herein.

65. The above conduct and retaliatory action was a mix of unlawful and lawful acts that proximately injured the Plaintiffs.

66. The conduct of Defendant was culpable and unjustified.

67. While there may not have been the intent to injure Plaintiff Jeffrey Kaplan, the actions showed an utter disregard for his interests as to rise to the level of specific intent to injure.

68. By recklessly pursuing its own interests, the Hospital acted with disregard for the interests of others and should have known that its actions would inflict injury.

69. The actions and conduct of Defendant was illegal, unfair or immoral.

WHEREFORE Plaintiffs requests that they be awarded the following against Defendant:

1. Damages for lost income, benefits and other compensatory damages.

2. Emotional distress and/or pain and suffering damages.

3. Punitive damages to punish and deter future conduct.

4. Costs.

5. Such further relief as the court deems just and proper.

**A Twelve (12) person Jury is demanded.**

Respectfully Submitted:

/s/ *Eric Sirotkin*

---

Eric Sirotkin
Attorney for Plaintiff
121 Sandoval St Suite 203A
Santa Fe, NM 87501
(505) 930 - 7223

eric@ericsirotkin.com

STATE OF NEW MEXICO
SANTA FE COUNTY
IN THE FIRST JUDICIAL DISTRICT COURT

REYNA KAPLAN and JEFFREY KAPLAN

    Plaintiffs

Vs                                          D-101-CV-2022-01182

PHC-Las Cruces dba MEMORIAL MEDICAL CENTER

    Defendant.

## JURY DEMAND

NOW COMES, the Plaintiffs, Jeffrey and Reyna Kaplan, by and through their attorney of record Eric Sirotkin and hereby requests that this matter be tried before a jury of twelve (12) persons.

Respectfully Submitted:

/s/ *Eric Sirotkin*

_____

Eric Sirotkin
Attorney for Plaintiff
121 Sandoval St Suite 203A
Santa Fe, NM 87501
(505) 930 - 7223
eric@ericsirotkin.com